UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYDIA HADLEY, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>JEFFREY CHAUDHARI, et al.,<br><br>Defendants. | No. 1:19-cv-01395-DAD-SKO<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT-MATTER JURISDICTION |

Plaintiffs filed their complaint in the above-captioned matter on October 3, 2019. (Doc. No. 1.) In it, plaintiffs state two causes of action: (1) a wrongful death claim arising out of the alleged medical malpractice of defendants; and (2) a negligent employment/negligent hiring claim alleging that certain individuals were unqualified to practice medicine, and that the hiring and employment of those individuals amounted to negligence. As the basis for jurisdiction, plaintiffs invoke 28 U.S.C. § 1331, which provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." (*Id.* at ¶ 22.)

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross &*

1

*Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377 (internal citation omitted).

Although plaintiffs plead that jurisdiction is proper in this court on the basis of federal question jurisdiction, no federal causes of action are alleged in their complaint. Both wrongful death and negligent employment/hiring claims arise under state law. *See* Cal. Civ. Proc. Code § 377.60; *Evan F. v. Hughson United Methodist Church*, 8 Cal. App. 4th 828, 836 (1992). On the face of the complaint, therefore, neither claim appears to arise under the laws of the United States within the meaning of 28 U.S.C. § 1331.

Accordingly, plaintiffs are directed to show cause in writing within ten days of this order why the action should not be dismissed for lack of subject matter jurisdiction.[1]

IT IS SO ORDERED.

Dated: **October 16, 2019**

UNITED STATES DISTRICT JUDGE

---

[1] The court notes that other bases may possibly exist to confer jurisdiction on this court. For instance, although somewhat unclear, the allegations suggest that defendant Central California Health Care System is affiliated with the United States Department of Veterans' Affairs, and that at least some of the events described in the complaint may have occurred on federal property. (Doc. No. 1 at ¶¶ 9, 23.)

2